VILLATO (UNITED STATES v.). See Case No. 16,622.

## Case No. 16,942.

### The VILLE DE PARIS.

[3 Ben. 276.] [1]

District Court, S. D. New York. June, 1876.

BILL OF LADING — DELIVERY OF CARGO — PLEADING—EVIDENCE.

1. A case of goods, being one of three specified in a bill of lading, was put over the ship's side, upon the wharf, and placed on a truck belonging to the ship, and wheeled by an employee of the ship up the wharf to the door of a little house, in which the custom-house inspectors, who had charge of the discharging of the vessel, transacted their business, and there one of the inspectors marked it "P. S." (which indicated that it was to be taken to a public store.) and it was then wheeled farther up the wharf, but what was done with it after that did not appear, although it was in the course of business for it to be deposited in a part of the wharf designated for such goods as were to go to a public store, but it could not be found when search was made for it half an hour after, the wharf being exclusively occupied by the owners of the ship, and being enclosed on the inner end by a fence, access through which was had by gates. On a libel being filed against the ship for the non-delivery of the case according to the bill of lading: Held, that the facts did not constitute any delivery of the case on the wharf, or to the custom-house authorities, so as to exonerate the vessel from her liability under the bill of lading.
[Cited in Unnevehr v. The Hindoo, 1 Fed. 630.]

2. Where a libel was filed by the consignee named in a bill of lading, to recover damages for non-delivery of the goods, and the libel contained no averment that the libellant was the owner of the goods, and the answer set up that the goods were delivered, but did not allege that the libellant was not the owner of them, or contain any exception to the libel for not averring ownership in the libellant: Held, that, on these pleadings, the point that the libellant was not the real owner of the goods, must be taken as having been waived.

3. The fact that the libellant, on October 24th, 1867, on the entry of the goods at the custom-

1 [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

house, made oath that the goods then belonged to a house in Switzerland, is not evidence to show that the libellant did not own the goods when the libel was filed, on December 27th, 1867.

In admiralty.

Henry H. Anderson and Thatcher M. Adams, for libellants.

Charles Donohue and Walter L. Livingston, for claimants.

BLATCHFORD, District Judge. This is a libel filed to recover the sum of $4,500, as the value of a case of silks carried by the steamship Ville de Paris from Havre to New York, under a bill of lading wherein the libellants, Adolph Rusch and others, were named as the consignees of the case. The libel is founded on the non-delivery of the case under the bill of lading. It does not aver that the libellants were or are the owners of the goods. The only defence set up in the answer is, that the case was delivered to the libellants at New York. There is, in the answer, an allegation, that the libellants are not entitled to recover anything from the vessel, but there is no averment in it that the libellants were not the owners of the merchandise, nor any exception in it to the libel, for want of an averment in the libel that the libellants are or were such owners. On the trial, the claimants took the point that they had a right to rebut the prima facie title which the libellants showed as consignees under the bill of lading (Lawrence v. Minturn, 17 How. [58 U. S.] 100, 107), by showing that the libellants were not the owners of the merchandise in question, and therefore not entitled to bring the suit. I think, however, that, on the above state of the pleadings, the point must be regarded -as having been waived by the claimants. But, even if it were open to them, they gave no proof of non-ownership by the libellants, when the suit was brought. The only testimony they introduced bearing on the subject, was the oath, made by one of the libellants, on the entry of the goods at the custom-house in New York, on the 24th of October, 1867, after the vessel arrived there, that the goods then belonged to a house in Switzerland. The libel was sworn to on the 27th of December, 1867, and filed on the same day, and no evidence was offered by the claimants to show that the libellants did not then own the goods.

The case in question was one numbered 170. The bill of lading covered two other cases, numbered 169 and 171. The libellants entered all three of the cases, and paid the duties on them, and obtained from the custom-house a permit, authorizing the delivery to them of the cases numbered 169 and 171, and requiring the case numbered 170 to be sent to the public store for appraisement. That permit was addressed to the inspector of the port, and was delivered to two customs inspectors who had charge of the discharging of the vessel, and transacted their business in a small movable house on the wharf at which the vessel was lying. The

case numbered 170 was delivered over the ship's side by its employés, and placed from its tackles upon a hand-truck belonging to the ship, and was then wheeled by an employé of the ship to the door of the movable house referred to, which stood at a point between the ship's gangway and the inner end of the wharf. The employé stopped, with the truck having the case upon it, in front of the inspectors, who were at the door of the house, and submitted the case to their view. One of them placed upon it the letters "P. S.," with chalk, and it was then wheeled away on the same truck, by the same employé of the ship, further towards the inner end of the wharf, and further from the ship than the house. So far as appears, it has never been seen or heard of since. Its deposit upon the wharf from the truck is not shown. The letters "P. S." indicated that it was to be taken to a public store and it was in course for the truckman to deposit it at a particular place on the wharf which the inspectors had previously designated as a place for the aggregation of such packages as were to be taken to a public store. It was not found at that place. Search was made for it about half an hour afterwards, but it could not be found. The other two cases, which came out of the ship at other times, and were wheeled separately on other trucks to the inspectors' house, and were there marked by them each with a cross, to denote that they were to be delivered to their consignees, were afterwards found at their proper place of deposit on the wharf, which was a different place from that where the case numbered 170 ought to have been deposited, and were received by the libellants. The wharf was exclusively occupied by the claimants, and was enclosed on the inner end of it by a fence, access through which was had by gates.

These facts do not constitute any delivery of the case on the wharf, or any delivery of it to the custom-house authorities, so as to exonerate the vessel from her liability under the bill of lading. There must be a decree for the libellants, with costs, and a reference to compute the damages.